**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

# CLERK'S MINUTES

**CASE NUMBER:** **CR05-21T** **DATE**: August 25, 2005
**TITLE OF CASE:** USA v. Joseph Nicolella

**CHIEF JUDGE:** **ERNEST C. TORRES**

**COURTROOM CLERK:** **Lucia Cristina Leyva**
**COURT REPORTER:** **Joseph Fontes**
**COURT INTERPRETER:** **N/A**
**PROBATION:** **Dennis Jenkins**

---

**COUNSEL PRESENT**

Government: Gerard B. Sullivan, AUSA

Defendant: John M. Cicilline, Esq.

---

**PROCEEDINGS:** **Sentencing**

All counsel of record present. Defendant present. Probation present. Government has no objection to the Presentence Investigation Report. Defense objects to the factors used to determine guideline range. Court addresses. Counsel argues sentencing recommendations. Court reviews kidnaping sentencing guideline range. Court finds that Probation has accurately calculated the guideline range in the Presentence Investigation Report. Defendant allocutes. Victim addresses the Court. Defense argues and recommends a departure below the applicable guideline range. Government responds and recommends the low-end of the calculated range. Court sentences defendant as follows: Incarceration: Counts 2 and 3 - 60 months as to each count, to be served concurrently. Counts 4 and 5 - 48 months as to each count, to be served concurrently and consecutive to Counts 2 and 3. Three years supervised release as to all counts, to be served concurrently. Special conditions (all counts): Complete a program of substance abuse counseling and treatment, on an inpatient or outpatient basis, as approved by U.S. Probation. Participate in a program of mental health counseling and treatment, on an inpatient or outpatient basis, with a focus on anger management and domestic violence as approved by U.S. Probation.

# CLERK'S MINUTES

**CASE NUMBER:** **CR05-21T**
**TITLE OF CASE:** USA v. Joseph Nicolella
**DATE:** August 25, 2005

**PROCEEDINGS:** **Sentencing**

During the term of supervised release, the defendant shall submit to up to 72 drug tests per year at such times as are approved by the U.S. Probation Office. Court does not impose a fine as it finds the defendant has no ability to pay. Special Assessment of $100.00 on each count for a total of $400.00. Court recommends to the Bureau of Prisons: 1. The defendant be assigned to an institution as close in proximity to Rhode Island as possible. 2. The defendant be assigned to a facility that can offer substance abuse counseling and treatment. Court directs defense counsel to submit a memorandum regarding credit for time served by defendant since being held on a federal detainer. Government motions the Court, pursuant to plea agreement , to dismiss Count 1. Court grants Government's motion.

Recess